BLD-307                                                                                                           July 17, 2014

## UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

C.A. No. **14-3172**

In re: PORTIE A. ROBERTSON, Petitioner

Present:     AMBRO, CHAGARES and VANASKIE, <u>Circuit</u> <u>Judges</u>

        Submitted is Petitioner's application under 28 U.S.C. § 2244
        to file a second or successive habeas corpus petition under 28 U.S.C.
        § 2254 in the above-captioned case.

        Respectfully,
        Clerk

MMW/SLW/tmm

_____ORDER_____

The application under 28 U.S.C. § 2244 for an order authorizing the District Court to consider a second or successive petition under 28 U.S.C. § 2254 is denied.  A second or successive petition must be certified by a court of appeals to be based on (1) a new rule of constitutional law that the United States Supreme Court has made retroactive to cases on collateral review; or (2) newly discovered evidence that, if proven, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offenses.  See 28 U.S.C. § 2244(b)(2), (b)(3)(C).  Robertson does not rely on a new, retroactive rule of constitutional law.  And although he claims to have newly discovered evidence, he has failed to make a prima facie showing that satisfies the aforementioned standard.  See 28 U.S.C. § 2244(b)(2)(B).  Moreover, Robertson has had the affidavit containing the purported newly discovered evidence since 2004, and he notes that the issue involved first arose years earlier when a co-defendant raised it in 1998.

        By the Court,

        s/ Michael A. Chagares
        Circuit Judge

Dated: July 28, 2014
tmm/cc: Mr. Portie A. Robertson



**A True Copy:**

Marcia M. Waldron, Clerk